# EXHIBIT O



**U.S. Department of Homeland Security**
Washington, DC 20528

Homeland Security

*Privacy Office, Mail Stop 0655*

June 25, 2020

**SENT VIA E-MAIL TO:  amrit.singh@opensocietyfoundations.org**

Amrit Singh
Open Society Justice Initiative
224 West 57th Street
New York, New York 10019

Re:  **2020-HQFO-01313**

Dear Ms. Singh:

This letter acknowledges receipt of your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS), dated June 24, 2020, and to your request for expedited handling and a waiver of all assessable FOIA fees.  Specifically, you requested:

1. Communications (from December 1, 2019 until June 1, 2020) between White House officials (including President Trump) and DHS Secretary Chad Wolf or Rear Adm. John Polowczyk (FEMA Supply Chain Stabilization Task Force) about the virus.

2. Communications (from December 1, 2019 until June 1, 2020) between White House officials (including President Trump) and FEMA's Administrator, Chief of Staff, Deputy Administrator or Associate Administrator for Response and Recovery about the virus.

3. Communications (from December 1, 2019 until June 1, 2020) between FEMA's immediate office of the Administrator (including the Administrator, Peter Gaynor) and the immediate office of the Assistant Secretary for Preparedness and Response (including Assistant Secretary Robert Kadlec) about the virus.

4. Communications from February 1, 2020 until May 1, 2020 between FEMA's immediate office of the Administrator (including the Administrator, Peter Gaynor) and

   A. the office of Florida Governor Ron DeSantis (including Governor DeSantis) or
   B. the office of Florida Division of Emergency Management, about allocations of supplies from the strategic national stockpile in response to the virus.

5. Records created on or after February 1, 2020 about the virus, referring to the biodefense company, "Emergent Biosolutions."

6. Records created on or after February 1, 2020 about the virus, referring to Moncef Slaoui, "Project Airbridge," Jared Kushner, or any person purporting to speak on his or his

      coronavirus team's behalf, including but not limited to, Rachael Baitel.

7. Communications about the virus since February 1, 2020 between FEMA's immediate office of the Administrator and

    A. members/staff of the Job Creators Network (including but not limited to Alfredo Ortiz and/or its Elaine Parker) or
    B. representatives/staff from the Marcus Foundation.

8. Communications about the virus since March 1, 2020 between FEMA and entities participating in Project Airbridge, including but not limited to, Cardinal, Concordance Healthcare Solutions, FedEx, Henry Schein, Inc., McKesson Corp., Landstar System, Medline, Owens & Minor, Radiant Logistics, and/or UPS.

9. Communications about the virus since March 1, 2020 between FEMA and Blue Flame Medical LLC, including, but not limited to, Mike Gula, John Thomas, Paris Pope, or any other person purporting to represent Blue Flame.

Our office received your request on June 24, 2020.

You have also submitted your request to the Federal Emergency Management Agency (FEMA). The Privacy Office will be coordinating a search with FEMA and will respond to your request on behalf of DHS and its components.

Your request for expedited treatment is hereby granted.

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Consistent with 6 C.F.R. Part 5 § 5.5(a) of the DHS FOIA regulations, the Department processes FOIA requests according to their order of receipt. Although DHS' goal is to respond within 20 business days of receipt of your request, FOIA does permit a 10-day extension of this time period in certain circumstances under 6 C.F.R. Part 5 § 5.5(c). As your request seeks documents that will require a thorough and wide-ranging search, DHS will invoke a 10-day extension for your request pursuant to 6 C.F.R. Part 5 § 5.5(c). If you would like to narrow the scope of your request, please contact our office. We will make every effort to comply with your request in a timely manner.

You have requested a fee waiver. The DHS FOIA regulations at 6 C.F.R. Part 5 § 5.11(k) set forth six factors DHS must evaluate to determine whether the applicable legal standard for a fee waiver has been met: (1) Whether the subject of the requested records concerns "the operations or activities of the government," (2) Whether the disclosure is "likely to contribute" to an understanding of government operations or activities, (3) Whether disclosure of the requested information will contribute to the understanding of the public at large, as opposed to the individual understanding of the requester or a narrow segment of interested persons, (4) Whether the contribution to public understanding of government operations or activities will be "significant," (5) Whether the requester has a commercial interest that would be furthered by the requested disclosure, and (6) Whether the magnitude of any identified commercial interest to the requester is sufficiently large in comparison with the public interest in disclosure, that disclosure is primarily in the commercial interest of the requester.

Upon review of the subject matter of your request, and an evaluation of the six factors identified above, DHS has determined that it will conditionally grant your request for a fee waiver. The fee waiver determination will be based upon a sampling of the responsive documents received from the various DHS program offices as a result of the searches conducted in response to your FOIA request. DHS will, pursuant to DHS FOIA regulations applicable to non-commercial requesters, provide two hours of search time and process the first 100 pages at no charge to you. If upon review of these documents, DHS determines that the disclosure of the information contained in those documents does not meet the factors permitting DHS to waive the fees, then DHS will at that time either deny your request for a fee waiver entirely, or will allow for a percentage reduction in the amount of the fees corresponding to the amount of relevant material found that meets the factors allowing for a fee waiver. In either case, DHS will promptly notify you of its final decision regarding your request for a fee waiver and provide you with the responsive records as required by applicable law.

In the event that your fee waiver is denied, and you determine that you still want the records, provisions of the FOIA allow us to recover part of the cost of complying with your request. We shall charge you for records in accordance with the DHS FOIA regulations as they apply to non-commercial requesters. As a non-commercial requester you will be charged for any search time and duplication beyond the free two hours and 100 pages mentioned in the previous paragraph. You will be charged 10 cents per page for duplication and search time at the per quarter-hour rate ($4.00 for clerical personnel, $7.00 for professional personnel, $10.25 for managerial personnel) of the searcher. In the event that your fee waiver is denied, we will construe the submission of your request as an agreement to pay up to $25.00. This office will contact you before accruing any additional fees.

We have queried the appropriate component(s) of DHS for responsive records. If any responsive records are located, they will be reviewed for determination of releasability. Please be assured that one of the analysts in our office will respond to your request as expeditiously as possible. We appreciate your patience as we proceed with your request.

Your request has been assigned reference number **2020-HQFO-01313**. Please refer to this identifier in any future correspondence. The status of your FOIA request is now available online and can be accessed at: https://www.dhs.gov/foia-status, by using this FOIA request number.

If you have any questions, or would like to discuss this matter, please feel free to contact this office at 1-866-431-0486 or 202-343-1743.

Sincerely,

James Holzer
Deputy Chief FOIA Officer